IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVANCED MEDICAL IMAGING      AND NUCLEAR SYSTEMS INC. *trading as Advanced Radiology and Cardiovascular Center* | : : : : : | CIVIL ACTION |
| v. | : : | No.: 08-3797 |
| ECLIPSE SYSTEMS, INC., et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                              **May 14, 2009**

Third-party Defendant Philips Healthcare asks this Court to dismiss the third-party Complaint brought against it by Eclipse Systems, Inc. and William J. Carroll.  Federal Rule of Civil Procedure 14(a) authorizes third-party complaints only against those "who may be liable to the third-party plaintiff for all or part of the plaintiff's claim." Fed. R. Civ. P. 14(a).  Three of Eclipse's four counts state grounds on which Philips would be liable to Plaintiff Advanced Medical Imaging and Nuclear Systems Inc., and the fourth, Count II, suggests an independent liability of Philips to Eclipse.  Rule 14 covers none of the four counts and the Court will grant Philips's Motion to Dismiss.

**FACTS**[1]

Advanced Medical Imaging bought a used medical imaging camera from Eclipse.  Eclipse represented it had refurbished the camera to the original manufacturer's specifications.  Eclipse was never able to make the camera work to Advanced Medical's satisfaction.  Eclipse consulted with

---

[1] When the Court considers a Motion to Dismiss, the Court accepts all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Eclipse. *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

Philips, the successor to the manufacturer of the camera. Philips wrote to Advanced Medical the camera would never work to specifications or to Federal Drug Administration regulations because the camera and its computer were incompatible. Eclipse believes Philips or its predecessor configured the device with the incompatible camera and computer.

Advanced Medical sued Eclipse for breach of contract, fraud, negligent misrepresentation, and breach of implied and express warranties. With leave of Court, Eclipse filed a third-party Complaint against Philips, alleging negligence, tortious interference with business relations, fraud, and negligent misrepresentation. Philips has filed a Motion to Dismiss under Rule 12(b)(6).

**DISCUSSION**

A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively, and may not use Rule 14 to join a person who is or may be liable solely to the plaintiff. *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994).

In this case, Eclipse does not state derivative claims against Philips. Counts I, III, and IV each articulates a cause of action Advanced Medical might bring against Philips for negligence, fraud, and negligent misrepresentation. Those counts allege only an independent liability of Philips to Advanced Medical. As such, they may not be brought under a Rule 14(a).

The fourth count, Count II, alleging Philips tortiously interfered with Eclipse's business relations, is a claim Eclipse could bring against Philips independent of the Advanced Medical litigation. As such it is not encompassed by Rule 14. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2007) (explaining "Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim").

An apropriate order follows.